UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C.I. ENERGIA SOLAR S.A. E.S. WINDOWS, ) ) ) Plaintiff, ) ) v. ) ) RANGER SPECIALIZED GLASS, ) *et al.*, ) ) Defendants. ) | Civil Case No. 18-503 (RJL)  |

MEMORANDUM OPINION
(March 25, 2019) [Dkt. # 12]

Plaintiff C.I. Energia Solar S.A. E.S. Windows (hereinafter "CIES"), a windows manufacturer and distributer based out of Barranquilla, Columbia,[1] seeks to recover an unpaid balance of $1,161,424.35 for materials supplied to the construction of the Art Place at Fort Totten Project in Washington, D.C. (hereinafter "Project"). Plaintiff brought this action in D.C. Superior Court against Ranger East Coast ("Ranger East")—the subcontractor responsible for providing window systems for the Project, Ranger Specialized Glass, Inc. ("Ranger Specialized Glass")—an affiliate of Ranger East, and others,[2] alleging breach of contract, unjust enrichment, payment on bond, and violation of

---

[1] CIES has a wholly-owned subsidiary—E.S. Windows LLC ("ESW")—based in Florida. Complaint ("Compl.") [Dkt. # 1-1] ¶ 2.
[2] Three of the defendants have filed answers and are therefore not parties to this motion to

the D.C. Prompt Payment Act, D.C. Code Ann., § 27-131, *et seq.* Defendants removed the case on diversity grounds on March 5, 2018. Currently before the Court is Defendant Ranger Specialized Glass's Motion to Dismiss ("Def.'s Mot.") [Dkt. # 12], for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Upon review of the evidence in the record and the relevant casleaw, defendant's motion to dismiss [Dkt. # 12], for the following reasons, will be **GRANTED**.

## BACKGROUND

This case arises from the construction of the Art Place at Fort Totten Project located in northeast Washington, D.C. (hereinafter "Project"). Complaint (Compl.) [Dkt. # 1-1] ¶ 12. Ranger East signed on as a subcontractor in November of 2014, agreeing to provide the windows systems for the Project, among other things. *Id.* ¶ 14. Meanwhile, Ranger Specialized Glass executed a payment bond with Berkley Insurance Company covering all subcontractors who supplied labor and materials within the scope of that subcontract. *Id.* ¶ 15; *see also id.*, Ex. 2 ("Payment Bond").

In October of 2015, CIES sent a quote to Ranger Specialized Glass's address in Houston, TX, offering to provide windows and doors for the entire Project. *Id.* ¶ 16; *see also id.*, Ex. 3 ("Quotation"). Later that month, Ranger East executed a purchase order

---

dismiss: Foulger-Pratt Contracting Company, LLC ("Foulger-Pratt")—the general contractor on the Project, *id.* ¶ 12, Travelers Insurance Company ("Travelers")—who executed a payment bond for all subcontractors and sub-subcontractors who supplied labor and materials to the Project, *id.* ¶ 30, and Berkley Insurance Company ("Berkley")—who executed a payment bond for those supplying labor and materials to the Project. *id.* ¶ 15; *id.*, Ex. 2. Ranger East has not filed a response to the complaint.

with CIES in the amount of $4,430,291.000. *Id.* ¶ 17; *see also id.*, Ex. 4 ("Purchase Order"), at 1–2. Of that amount, CIES alleges that it is still owed $1,161,424.35 for work performed on the project between September 5, 2016 and July 29, 2017. *Id.* ¶ 19–21. CIES sent Notice of Payment Bond Claim to Berkley trying to recover this outstanding amount on August 10, 2017, *Id.* ¶ 23, but no payment has been remitted to date. *Id.* ¶ 22, 28.

Defendant Ranger Specialized Glass seeks to dismiss the claims against it for breach of contract, unjust enrichment, payment on bond, and violation of the D.C. Prompt Payment Act, on the grounds that plaintiff only has a contract with Ranger East, and has therefore failed to state a claim against Ranger Specialized Glass under Rule 12(b)(6). *See generally* Def.'s Mot. [Dkt. # 12]. Defendant also argues that the payment on bond and unjust enrichment claims are inappropriate as to Ranger Specialized Glass. *See id.* Plaintiff, in turn, argues that there are grounds for piercing the corporate veil and treating Ranger Specialized Glass and Ranger East as the same company, and that its claims for payment on bond and unjust enrichment are also appropriate vis-à-vis Ranger Specialized Glass. *See* Plaintiff's Opp. to Motion to Dismiss ("Pl.'s Opp.") [Dkt. # 15], at 2. For the following reasons, defendant's motion to dismiss [Dkt. # 12] will be **GRANTED**.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim if it appears, assuming the alleged facts to be true and drawing all inferences in plaintiff's favor, that the "plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." *Harris v. Ladner*, 127 F.3d 1121,

3

1123 (D.C. Cir. 1997) (internal citation omitted). In evaluating a motion to dismiss, the Court may consider "the facts alleged in the complaint [and] any documents attached to or incorporated in the complaint...." *See Plesha v. Ferguson*, 725 F. Supp. 2d 106, 110 (D.D.C. 2010) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). Here, plaintiff has attached to the complaint documents which are relevant to the motion to dismiss, including the Payment Bond, Quotation, and Purchase Order. *See* Compl., Exs. 2, 3, and 4. I may consider these "without converting the motion [to dismiss] to one for summary judgment." *Plesha*, 725 F. Supp. 2d at 110–11 (internal citation omitted).

## I. Breach of Contract

Plaintiff maintains that it has a contract with Ranger Specialized Glass. As evidence, plaintiff points to the fact that Quotation for the window systems was sent to "RangerGlass" at Ranger's address in Houston, TX, not Ranger East's address in Virginia. Pl.'s Opp. at 4 (citing Compl., Ex. 3). Plaintiff also alleges that "Ranger" uses both names interchangeably, Pl.'s Opp. at 2, 5, and that only Ranger Specialized Glass is registered to do business in DC, whereas Ranger East is not. *Id.* at 2 (citing Compl. at 3–4). Defendant Ranger Specialized Glass moves to dismiss on the grounds that it cannot be held liable for any contractual violations under Counts III or V because (1) it had no contractual relationship with CIES, and (2) it is not an alter ego of affiliate Ranger East. *See* Ranger Specialized Glass's Reply in Support of Motion to Dismiss ("Def.'s Reply"), at 2–3. For the following reasons, I agree.

4

First, there is no direct contract with Ranger Specialized Glass. While it is true that plaintiff's Quotation for materials was sent to Ranger Specialized Glass's address in Houston, TX, parties agree that the Purchase Order was placed by Ranger East. *Id.*; Pl.'s Opp. at 4. The Quotation price of $4,445,495.00 notably differs from the final amount of $4,430,291.00, so at the very least it appears that the Purchase Order represented a counter-offer that CIES apparently accepted. *Compare*, Compl., Ex. 3, *with* Compl., Ex. 4.[3] Without a direct contract, plaintiff must pierce the corporate veil to bring any claim against Ranger Specialized Glass.

Under D.C. law, "[g]enerally, the corporate entity will be respected, but a party may be permitted to pierce the corporate veil upon proof, that there is (1) unity of ownership and interest, and (2) use of the corporate form to perpetrate fraud or wrong, or other considerations of justice and equity justify it." *Estate of Raleigh v. Mitchell*, 947 A.2d 464, 470 (D.C. 2008) (internal citation omitted). Although no single factor controls, courts generally inquire, "whether corporate formalities have been disregarded, (2) whether corporate funds and assets have been extensively intermingled with personal assets, (3) inadequate initial capitalization, and (4) fraudulent use of the corporation to protect personal business from the claims of creditors."[4] *Id.* at 470–71. Ultimately, "[v]eil-

---

[3] The Court declines to unnecessarily reach the merits of whether there is a valid contract at this time, but suffice it to say that if any contract existed, it was with Ranger East, not Ranger Specialized Glass.

[4] "Although this test generally is used to reach an individual behind a corporation, this same test has been applied to pierce the corporate veil between two corporations, such as between parent-subsidiary corporations." *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 90

5

piercing is an extraordinary procedure that is not to be used lightly," and the case must "present[] the extreme circumstances that call for disregard of the corporate form." *Schattner v. Girard, Inc.*, 668 F.2d 1366, 1370 (D.C. Cir. 1981).

Plaintiff's veil-piercing argument here boils down to one allegation: defendants Ranger Specialized Glass and Ranger East "utilized both names at different times." Pl.'s Opp. at 5. Unfortunately for plaintiff, that mere allegation is insufficient to pierce the veil. *See Ivanov v. Sunset Pools Mgmt., Inc.*, 524 F. Supp. 2d 13, 15 (D.D.C. 2007) (granting motion to dismiss where plaintiff failed to raise "any specific allegations of [defendant's] misuse of the corporate form").

Courts in this district "ha[ve] specifically held that the joint use of trademarks and a common marketing image, along with shared executives between two companies, [are] 'not sufficient to establish' alter ego status." *Gonzalez v. Internacional De Elevadores, S.A.*, 891 A.2d 227, 238 (D.C. 2006) (quoting *Diamond Chemical Co. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 9 (D.D.C. 2003)). Beyond corporate branding, plaintiff has not alleged that Ranger Specialized Glass and Ranger East used the corporate form "to perpetuate a fraud or wrong" or that "other considerations of justice and equity" justify piercing the veil. *Estate of Raleigh*, 947 A.2d at 470. Indeed, there is no inequity here, as plaintiff will still be able to recover for all of its claims against other defendants—including Ranger East—even if its claims against Ranger Specialized Glass are dismissed. As a

---

F. Supp. 2d 15, 23 n. 6 (D.D.C. 2000).

result, the Court finds no basis to pierce the corporate veil and hold Ranger Specialized Glass liable for plaintiff's alleged contractual harms. I therefore dismiss Counts III and V as to Ranger Specialized Glass.[5]

## II. Unjust Enrichment

While there is no contract with Ranger Specialized Glass, there likely *is* a contract with Ranger East. Yet plaintiff contends that it can nevertheless pursue alternative theories of relief in the form of unjust enrichment. Plaintiff is mistaken. Where a contract exists, an unjust enrichment claim generally is not appropriate because it requires a court to "displace the terms of that contract and impose some other duties not chosen by the parties." *Emerine v. Yancey*, 680 A.2d 1380, 1384 (D.C. 1996) (internal citation omitted); *see also Harrington v. Trotman*, 983 A.2d 342, 346 (D.C. 2009) ("[T]here can be no claim for unjust enrichment when an express contract exists between the parties.") (internal citation omitted). D.C. courts consider "promissory estoppel and unjust enrichment as remedies for failed agreements," and "tend not to allow either action to proceed in the presence of an actual contract between the parties." *Vila v. Inter-Am. Inv., Corp.*, 570 F.3d 274, 279 (D.C. Cir. 2009); *see also Plesha*, 725 F. Supp. 2d at 112 (quoting *Bloomgarden v. Coyer*, 479 F.2d 201, 210 (D.C. Cir. 1973)) ("There is, of course, no need to resort to [a quasi-contract] when the evidence sustains the existence of a true contract, either express or implied in fact."). It follows that the claim for unjust enrichment against Ranger

---

[5] By plaintiff's own admission, Count V—violation of the D.C. Prompt Payment Act—presupposes a contract between parties. *See* Pl.'s Opp. at 8.

7

Specialized Glass, Count IV, should also be dismissed.

### III. Payment on Bond

Finally, while Ranger Specialized Glass is perhaps a proper party to plaintiff's suit to recover on the surety bond with Berkley, it not a necessary one. Defendant is correct that courts generally find that a bond principal is not a *necessary* party where complete recovery is possible without the bond principal. *See, e.g.*, *Fid. & Deposit Co. of Maryland v. Jefferson Cty. Comm'n*, Civil No. 09-247, 2009 WL 10688424, at *3 (N.D. Ala. Apr. 13, 2009) ("[T]herefore, although EMR may be a proper party to this action, it is not an indispensable party because the rights and liabilities between F&D and the JCC can be determined without affecting the rights and liabilities between EMR and the JCC.") (internal citations omitted, emphasis in original); *Atl. Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 272 F.R.D. 26, 30 (D.D.C. 2010) ("courts now presume that the principal is adequately represented by its surety because they both have the 'same ultimate objective,' *i.e.*, to avoid liability on the payment bond.") (internal citation omitted). In the context of this suit, the bond provides that CIES may maintain "independent actions upon this Bond" against either the Principal (Ranger Specialized Glass) or the Surety (Berkley). Compl., Ex. 2. Therefore, Ranger Specialized Glass is not a necessary party for relief and I will dismiss Count II as to Ranger Specialized Glass.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Ranger Specialized Glass's Motion to Dismiss [Dkt. # 12] for failure to state a claim under Rule 12(b)(6). An Order consistent with this decision accompanies this Memorandum Opinion.

                                                     RICHARD J. LEON
                                                     United States District Judge